IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TEXAS ENTERTAINMENT ASSOCIATION, INC., Plaintiff, | § § § § | |
| v. | § § | Civil Action No. 1:17–cv–594–DAE |
| GLENN HEGAR, Comptroller of Public Accounts of the State of Texas, Defendant. | § § § § § | |

**DEFENDANT'S MOTION TO QUASH TRIAL SUBPOENA ISSUED TO GLENN HEGAR, MOTION TO MODIFY TRIAL SUBPOENA ISSUED TO CINDY WILLIAMS, AND REQUEST FOR EXPEDITED CONSIDERATION**

Defendant Glenn Hegar ("Defendant" or the "Comptroller") requests the Court's urgent intervention to quash the trial subpoena issued to him under Federal Rule of Civil Procedure 45 on October 14, 2019. The subpoena flagrantly violates the Fifth Circuit's longstanding admonition that high-ranking government officials should not, absent extraordinary circumstances, be required to testify regarding their reasons for taking official actions. *See In re Office of Inspector General*, 933 F.2d 276, 278 (5th Cir. 1991). No such exceptional circumstances exist here.

In addition, Defendant requests that the Court modify Plaintiff's trial subpoena of Cindy Williams, a former employee of the Comptroller, to the

extent it purports to require her to be prepared to discuss selected topics at trial.[1]

Defendant respectfully requests expedited consideration of this motion and a ruling on the motion by October 18, 2019, in light of the proximity of the October 22 bench trial in this matter and the burden on Defendant in preparing witnesses for the hearing if the subpoenas are not quashed, as well as the burdens on the operation of the agency in light of the uncertainty of whether its elected head of office will be required to testify.

**A.     The Court Should Quash the Subpoena Issued to the Comptroller.**

Plaintiff has subpoenaed Glenn Hegar, who is the Comptroller of Public Accounts of the State of Texas, to testify at the trial on October 22. *See* Exhibit A. The subpoena purports to require the Comptroller to be prepared to discuss five different topics. *See id.* Under Federal Rule of Civil Procedure 45, the Court can quash or modify a subpoena if it "subjects a person to undue burden." *See Tex. Keystone, Inc. v. Prime Natural Resources, Inc.*, 694 F.3d 548, 554 (5th Cir. 2012) (citation omitted). Under well-settled Supreme Court and Fifth Circuit precedent, compelling the Comptroller to testify at the trial setting represents an undue burden.

---

[1] Plaintiff failed to serve the subpoenas on counsel for Defendant before service of the subpoenas on Glenn Hegar and Cindy Williams, in violation of Federal Rule of Civil Procedure 45(a)(4).

2

When it comes to deposing a high-ranking agency official like Comptroller Glenn Hegar, the Federal Rules of Civil Procedure and decades of federal precedent impose a strong presumption against the compelled testimony. And it is Plaintiff's sole obligation to overcome that presumption by proving "exceptional circumstances." That rule is called the *Morgan* doctrine. *See United States v. Morgan*, 313 U.S. 409 (1941). "The reason for requiring exigency before allowing the testimony of high officials is obvious. High ranking government officials have greater duties and time constraints than other witnesses." *In re United States (Kessler)*, 985 F.2d 510, 512 (11th Cir. 1993). It is not just that high-ranking government officials are busy; given the breadth of their executive powers and duties, such officials often take official actions that lead to adverse litigation.

Glenn Hegar is unquestionably a high-ranking government official. He is the chief financial officer for the State of Texas—its treasurer, check writer, tax collector, procurement officer and revenue estimator.[2] He is in charge of an agency of hundreds of employees and is directly elected by the citizens of the State. He is thus a "top executive department official[]" and Plaintiff's subpoena of him is subject to the *Morgan* doctrine. *See Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007).

---

[2] *See* About Texas Comptroller Glenn Hegar, https://comptroller.texas.gov/about/bio.php/.

"It is a settled rule in this circuit that exceptional circumstances must exist before the involuntary depositions of high agency officials are permitted." *In re FDIC*, 58 F.3d at 1060 (internal quotation marks omitted). That rule is so serious and settled that a violation of it can give rise to mandamus. *See id.* at 1062–63. This rule extends broadly to all testimony: "Top executive department officials should not, absent extraordinary circumstances, be called to *testify* regarding their reasons for taking official actions." *See In re Office of Inspector General*, 933 F.2d at 278 (citation and internal alterations omitted, emphasis added). Indeed, the testimony at issue in the *Morgan* case that spawned this line of cases involved the Secretary of Agriculture's testimony at a trial, and the Supreme Court explained that "the short of the business is that the Secretary should never have been subjected to this examination." 313 U.S. at 422.

The "exceptional circumstances" standard imposes a heavy burden on plaintiffs. Courts have used various tests to determine when the seeking party has shown "exceptional circumstances." But one court recently summarized the required showing as follows:

> A party seeking the deposition of a high-ranking government official must show: (1) the official's testimony is necessary to obtain relevant information that is not available from another source; (2) the official has first-hand information that cannot reasonably be obtained from other sources; (3) the testimony is essential to the case at hand; (4) the deposition would not significantly interfere with the ability of the official to perform his government duties;

4

and (5) the evidence sought is not available through less burdensome means or alternative sources.

*Thomas v. Cate*, 715 F. Supp. 2d 1012, 1049 (E.D. Cal. 2010) (citing *United States v. Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 320 (D.N.J. 2009)). Plaintiffs have not and cannot meet this burden. They never took a Rule 30(b)(6) deposition of the Comptroller and thus have no way of proving to the Court that the Comptroller himself has "first-hand information that cannot reasonably be obtained from other sources." Indeed, as discussed below, Plaintiff is in fact attempting to obtain the same information he seeks from the Comptroller from a former employee of the Comptroller, Cindy Williams. Nor can Plaintiff show that the Comptroller's testimony is essential to the case at hand, or that the evidence sought is not available through less burdensome means. Finally, as the federal courts have repeatedly recognized, the very act of requiring the Comptroller to testify, and to prepare for that testimony, imposes a burden on his day-to-day job: acting as the chief financial officer for the State of Texas. *See, e.g., In re United States (Kessler)*, 985 F.2d at 512.

Additionally, information sought in Plaintiff's subpoena is subject to the deliberative process privilege. Plaintiff appears to seek predecisional materials and information reflecting deliberative or policy-making processes, not materials that are purely factual. *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 151–52 (1975).

5

For all of these reasons, the Court should quash the subpoena.

**B.   The Court Should Modify the Subpoena Issued to Cindy Williams.**

Plaintiff has also subpoenaed Cindy Williams, *see* <u>Exhibit B</u>, a former employee of the Comptroller[3], and has purported to require that she be prepared to discuss the following topics[4]:

(1)   The facts and circumstances surrounding when the Comptroller notified nightclubs, bars, restaurants, or similar commercial enterprises, that "nude" as it appears in the $5 Fee Statute would be interpreted to exclude latex coverings and/or non-cloth materials from the word "clothing."

(2)   The facts and circumstances surrounding the Comptroller's criteria for identifying nightclubs, bars, restaurants, or similar commercial enterprises subject to the $5 Fee Statute

(3)   The facts and circumstances surrounding the Comptroller's criteria for classifying nightclubs, bars, restaurants, or similar commercial enterprises as SOBs.

(4)   The facts and circumstances surrounding the Comptroller's enforcement or non-enforcement of the $5 Fee Statute against nightclubs, bars, restaurants, or similar commercial enterprises other than SOB Clubs and Latex Clubs.

(5)   Whether the Comptroller has ever classified any of the following businesses as SOBs or assessed these businesses fees under the $5 Fee Statute:

- Continental Main Ltd. d/b/a Continental Club Houston
  - 3700 Main St., Houston, TX 77002
  - TABC License # MB470565
- Silent Theatre, LLC d/b/a Prohibition Theatre
  - 1008 Prairie St., Houston, TX 77002
  - TABC License # MB892589
- Tight Ends Sports Bar & Grill, LLC d/b/a Tight Ends Sports Bar & Grill
  - 5584 HWY 121, Plano, TX 75024
  - TABC License # RM925284

---

[3] Ms. Williams separated service from the Office of the Comptroller of Public Accounts of the State of Texas on August 16, 2016.
[4] Plaintiff listed these same topics in the subpoena directed to Glenn Hegar.

6

- R&D Enterprises, LLC d/b/a Wild Pitch Sports Bar & Grill
    - 2390 Parkwood Blvd., Frisco, TX 75034
    - TABC License #RM652338
- Knockout Sports Bar, LLC d/b/a Knockout Sports Bar
    - 2212 W. Northwest Hwy., Dallas, Tx 75220
    - TABC License # MB1008566
- OL Beverage Holdings, LLC d/b/a Ojos Locos Sports Cantina
    - 10230 E. Technology Blvd., Dallas, TX 75220
    - TABC License # MB 1068350
- Aramark Sports and Entertainment Services of Texas, LLC
    - 8355 Kirby Drive, Houston, TX 77054
    - TABC License # BG520506
- Levy Premium Foodservice, LLC, d/b/a Levy Restaurants at Toyota Center
    - 1510 Polk Street, Houston, TX 77027
    - TABC License # MB5452236

As discussed in the preceding section, under Federal Rule of Civil Procedure 45, the Court can quash or modify a subpoena if it "subjects a person to undue burden." *See Prime Natural Resources, Inc.*, 694 F.3d at 554. A court can also quash a subpoena if it would "require[] disclosure of privileged or protected matter." *Id.* (citation omitted).

Plaintiff is improperly attempting to use the subpoena to Cindy Williams as a discovery tool, and the subpoena should be modified to eliminate that burden on her as a witness.[5] Through the subpoena, Plaintiff seeks to belatedly take a corporate representative deposition of the Comptroller at the trial itself. Undersigned counsel is unaware of any provision in the Federal Rules of Civil Procedure that would allow a party to compel another party to designate a corporate representative on selected topics at trial. As at least one federal

---

[5] This same argument applies with equal force to the subpoena directed to Glenn Hegar.

7

district court has recognized, "Rule 45 does not expressly authorize a party to subpoena a 'corporate designee [to] testify 'vicariously' at trial' in the way that Rule 30(b)(6) does for a deposition." *Mc Asset Recovery, LLC v. Castex Energy, Inc.*, 2013 WL 12171724, at *1 (N.D. Tex. Jan. 7, 2013) (quoting *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006)). Of course, the Rules contemplate *depositions* of a corporate representative under Rule 30(b)(6), but Plaintiff never sought a Rule 30(b)(6) deposition in this matter and cannot belatedly require former employee Cindy Williams to appear as a corporate representative at trial. *See id.* ("[T]he Court concludes that the trial subpoenas Plaintiff served on Defendants are proper only to the degree that they seek testimony that is within the scope of what was previously given by Defendants' corporate designee at his Rule 30(b)(6) deposition.").

Moreover, because these topics were never disclosed until the eve of trial, Defendant does not have adequate time to prepare a witness on these topics; had Plaintiff timely requested a Rule 30(b)(6) deposition, this would not be an issue. Moreover, Cindy Williams has not been employed by the Comptroller since August 16, 2016, and she was never an employee during the period when the Amended Rule was in effect. Thus, Defendant objects to the topics Plaintiff has put forward in the subpoena, in much the same way Defendant cannot compel Plaintiff to put on a corporate representative selected topics. The Court

8

should modify Plaintiff's subpoena of such that it excludes the list of topics it purports to require Cindy Williams to be required to testify on.

Furthermore, even putting those issues aside, there are other problems with the categories of topics that Plaintiff propose. During discovery, Defendant informed Plaintiff that the Comptroller could not disclose information about other taxpayers because it is confidential under Tax Code section 111.006. Plaintiff never addressed this in a motion to compel or took any other action on the issue before the eve of trial. The Comptroller cannot accommodate Plaintiff's belated request regarding taxation of various businesses, again because this information is confidential by statute. In addition, Defendant cannot prepare Cindy Williams to testify on these topics because she is not a current employee and she cannot receive confidential taxpayer information.

Additionally, Plaintiff clearly asserted in its response to the Comptroller's Motion to Dismiss that its lawsuit was not about the sexually oriented business fee statute, only Amended Rule 3.722. The Comptroller relied on this in conducting discovery and drafting its pleadings. And the Court noted this when denying TEA's Motion to Amend its petition to add a challenge to the statute itself. Yet, Plaintiff seeks to have a representative of the Comptroller testify about topics that relate only to the statute, not the rule.

9

These topics are irrelevant to the litigation at hand, which has been significantly narrowed for trial by the Court following summary judgment.

        Respectfully submitted,

        KEN PAXTON
        Attorney General of Texas

        JEFFREY C. MATEER
        First Assistant Attorney General

        DARREN L. MCCARTY
        Deputy Attorney General
        for Civil Litigation

        JACK HOHENGARTEN
        Chief, Tax Division

        <u>s/ *Melissa L. Hargis</u>
        MELISSA L. HARGIS*
*Lead Counsel        Assistant Attorney General
        State Bar No. 24055766
        Melissa.Hargis@oag.texas.gov

        MICHAEL ABRAMS
        Assistant Attorney General
        State Bar No. 24087072
        Michael.Abrams@oag.texas.gov

        P. O. Box 12548, Capitol Station
        Austin, Texas 78711
        (512) 463–2002
        Facsimile No. (512) 478–4013

        ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF CONFERENCE

I certify that counsel for the Defendant conferred with counsel for Plaintiff about this motion, and Plaintiff is opposed to the relief requested herein.

                         s/ Melissa L. Hargis
                         MELISSA L. HARGIS
                         Assistant Attorney General

## CERTIFICATE OF SERVICE

I do hereby certify that on October 14, 2019, I electronically filed the foregoing pleading with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" to the following attorneys of record, who consented in writing to accept this Notice as service of this document by electronic means:

Benjamin Allen
Feldman & Feldman, PC
3355 W. Alabama St.
Houston, TX 77098
713-986-9471
Fax: 713-986-9472
Email: ben.allen@feldman.law

Casey T. Wallace
Feldman & Feldman, PC
3355 W. Alabama St.
Houston, TX 77098
713-986-9471
Fax: 713-986-9472
Email: casey.wallace@feldman.law

                         s/ Melissa L. Hargis
                         MELISSA L. HARGIS
                         Assistant Attorney General