## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **TEXAS ENTERTAINMENT ASSOCIATION, INC.,** | § § § | |
| *Plaintiff*, | § § | |
| **v.** | § § | **CIVIL ACTION NO. 1:17-cv-594-DAE** |
| **GLENN HEGAR, COMPTROLLER OF PUBLIC ACCOUNTS OF THE STATE OF TEXAS,** | § § § § § | |
| *Defendant.* | § § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO QUASH

Plaintiff Texas Entertainment Association, Inc. submits this Response to the Motion to Quash filed by Defendant, Glenn Hegar, Comptroller of Public Accounts of the State of Texas.

### I.
### SUMMARY

First, the Comptroller argues that he is a high-ranking official, so therefore Plaintiff's subpoena should be quashed as it constitutes an undue burden. The Comptroller does not mention the fact that he has been invited to designate a representative authorized to testify at trial in his stead. Because the Comptroller does not appear intent on availing himself of this alternative, in lieu of quashing the subpoena, Plaintiff asks the Court to modify the subpoena and require the Comptroller to comply by designating a witness with authority to provide testimony at trial.

Second, the Comptroller takes issue with Plaintiff's subpoenas because they include a list of potential topics for examination. There is nothing inherently improper about issuing a trial subpoena along with a list of topics.

## II.
## BACKGROUND

This is a Section 1983 lawsuit brought against the Comptroller in his official capacity. The gravamen of Plaintiff's suit is that the Comptroller's 'interpretative' rule defining the word "clothing" as it appears in the Texas Business and Commerce Code violates the First and Fourteenth Amendments, as well as the Due Process Clause's prohibition against retroactive laws. *See* TEX. BUS. & COM. CODE § 102.051 *et seq.* ("$5 Fee Statute"); 34 TEX. ADMIN CODE § 3.722(a)(1) ("Amended Rule").

On February 27, 2019, the Court entered its order on the parties' summary judgment motions. (Dkt. No. 50). The Court found the Amended Rule to be an impermissible content-based regulation in violation of the First Amendment, that its retroactive effect violates due process, and that a fact issue precluded summary judgment on Plaintiff's equal protection claim. The Court articulated two issues that remain to be tried:

- "[W]hen exactly the latex clubs were put on notice that the $5 fee statute would be interpreted by the Comptroller to cover their conduct—and thus from what point Due Process would permit the Comptroller to enforce the fee against the latex clubs…." (Dkt. No. 50, p. 37).
- "Whether the Comptroller, without any demonstrable justification, fails to enforce the $5 fee statute against businesses other than nude and latex clubs that similarly fall within the amended rule's definition of nudity…."(Dkt. No. 50, p. 29).

Plaintiff issued two trial subpoenas on October 9, 2019: one to the Comptroller, Glenn Hegar, and another to Cindy Williams, a former Comptroller auditor with knowledge of the underlying facts. Plaintiff attached a list of topics to both subpoenas that track the scope of the issues specified in the Court's summary judgment order.

Plaintiff opted to issue a subpoena to Mr. Hegar for two interrelated reasons. First, the Comptroller's Rule 26(a)(2) designations were not entirely clear as to which persons the

Comptroller has authorized to testify on behalf of his office. The only Comptroller-affiliated individual identified therein was "Ray Langenberg, Special Counsel, Comptroller of Public Accounts of the State of Texas" without additional elaboration. Second, had Plaintiff issued a subpoena to 'a corporate representative of the Comptroller,' the subpoena may run the risk of being unenforceable. *See, e.g.,* FED. R. CIV. P. 45(b)(1) ("Serving a subpoena requires delivering a copy to the named person"). Thus, the most secure option was to simply serve the one official who it is beyond dispute possesses the authority to speak on behalf of the Comptroller's office – Mr. Hegar himself.

On October 10, 2019, the parties conferred regarding trial preparation and coordination. The Comptroller's attorneys advised that they had no plans of calling any witnesses on his behalf. Plaintiff's counsel informed Defendant's counsel that they anticipated calling the Comptroller, Glen Hegar, *or a representative of the Comptroller*, among other witnesses.[1]

On October 14, 2019, the Comptroller's attorneys sought clarification concerning the scope and intent of the subpoenas. Plaintiff's counsel explained their position that while Rule 45's requirements are different from those contained in Rule 30(b)(6), Plaintiff is entitled to examine a Comptroller representative at trial regarding the issues set forth in the Court's summary judgment order. The topics were provided as a courtesy so that the Comptroller may select and prepare such a witness or witnesses as he sees fit. Counsel further explained that the subpoenas were only issued to secure attendance and testimony at trial; the topics should not be read to require the production of any documents. Nevertheless, the Comptroller proceeded to file his Motion to Quash shortly after these explanations were provided.

---

[1] **Exhibit A**, Email correspondence between counsel dated Oct. 10-14, 2019.

## III.
### ARGUMENT & AUTHORITIES

Plaintiff does not take issue with the Comptroller's lengthy discussion concerning the principles concerning high-ranking officials espoused in *United States v. Morgan*, 313 U.S. 409 (1941). If Mr. Hegar cannot or does not wish to comply with the subpoena on the basis that it is too burdensome, there is a simple alternative: he may designate a representative to testify in his stead. Plaintiff invited the Comptroller to take this approach and heard nothing in response. *See, e.g., United States v. Winemiller*, 4:06CR124-WAP-JMV, 2011 WL 4755778, at \*2 (N.D. Miss. Oct. 7, 2011) (denying motion to quash *subpoena duces tecum* where "defense counsel's … letter to prosecution counsel and the subpoena, itself, clearly explain that either the Secretary or his duly appointed representative/custodian of records could appear and give testimony").

Thus, instead of quashing the subpoena, and for the reasons explained below, Plaintiff asks the Court to enter an order modifying the subpoena such that the Comptroller is required to produce a corporate representative with authority to testify on behalf of his office at trial. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) ("Generally, modification of a subpoena is preferable to quashing it outright").

A.     **There is nothing improper about attaching topics to a trial subpoena directed to a corporate party in the absence of a predicate Rule 30(b)(6) deposition.**

The Comptroller's Motion raises a variety of subsidiary issues, none of which undermine the subpoenas' enforceability vis-à-vis requiring the attendance of witnesses at trial. The issues touched upon in the Comptroller's Motion involve the interplay of Rule 45 and Rule 30(b)(6).[2]

---

[2] As one state court recently observed, "[t]here is a paucity of federal jurisprudence addressing the related issue of whether Fed. R. Civ. P. 36(b)(6) [sic] … may be used in conjunction with Fed. R. Civ. P. 45." *McMaster v. Union Carbide Corp.*, 2019-0592 La.App. 4 Cir. 7/18/19, 3, 2019 WL 3243992, at \*2 (La.App. 4 Cir., 2019).

1.      A *subpoena ad testificandum* may require a representative to testify at trial.

First, the Comptroller points to *McAsset Recovery, LLC v. Castex Energy, Inc.*, for the proposition that "Rule 45 does not expressly authorize a party to subpoena a 'corporate designee [to] testify 'vicariously' at trial' in the way that Rule 30(b)(6) does for a deposition." *McAsset Recovery, LLC*, 4:07-CV-076-Y, 2013 WL 12171724, at *1 (N.D. Tex. Jan. 7, 2013), quoting *Brazos River Auth. v. GE Ionics, Inc.,* 469 F.3d 416, 432-33 (5th Cir. 2006).[3] This quote is taken somewhat out of context.

Obviously, "it is not literally possible" to compel a fictional "person" like a state agency to testify, so testimony from an entity – whether given at a deposition or at trial – must be "obtained from natural persons who can speak for the corporation." *Brazos River*, 469 F.3d at 433. Thus, the court in *McAsset* ruled that a trial subpoena served on a corporate representative, one that delineated areas of potential examination, was *not* inherently improper under Rule 45. *McAsset Recovery*, 2013 WL 12171724, at *1. The problem confronting the Northern District was that those topics exceeded the scope of what was given at the 30(b)(6) deposition. Taking a cue from *Brazos River's* admonition that a corporate representative "should not be able to refuse to testify to matters as to which he testified at the deposition on grounds that he had only corporate knowledge of the issues, not personal knowledge," *Brazos River,* 469 F.3d at 433, the court modified the trial subpoena, eliminated various topics, and ordered that "[a]ll topics falling within the scope of prior Rule 30(b)(6) deposition testimony … may remain part of the subpoenas and are fair game at trial (subject to other applicable evidentiary and procedural rules)." *Id*.

---

[3] *Brazos River* did not pass upon a situation where an entity was *compelled* to make a witness available at trial pursuant to Rule 45. The central holding was that it was improper for the trial court to restrict the examination of a corporate representative at trial on the grounds that he lacked personal knowledge. *See Brazos River*. 469 F.3d at 432-34. "[I]f a certain fact is within the collective knowledge or subjective belief of [the entity], [the corporate representative] should be prepared on the issue by [the entity], and allowed to testify as to it, even if it is not within his direct personal knowledge, provided the testimony is otherwise permissible lay testimony." *Id*. at 434.

2.      A Rule 30(b)(6) deposition is not a pre-requisite to enforcement of a trial subpoena.

The Comptroller asserts that Plaintiff is "improperly attempting to use the subpoena … as a discovery tool." (Dkt. No. 60, p. 7). Implicit within this argument is the idea that unless a Rule 30(b)(6) deposition has been taken, a litigant cannot compel an adverse entity to testify through a representative at trial. This is not so.

In the same way that Rule 45 does not "expressly" require vicarious testimony at trial in the mode of a corporate representative deposition, there is nothing in Rule 45 requiring that a 30(b)(6) deposition is necessary to secure a corporate party's testimony at trial. *See Conyers v. Balboa Ins. Co.*, 8:12-CV-30-T-33EAJ, 2013 WL 2450108, at *1 (M.D. Fla. June 5, 2013) (rejecting a defendant's arguments "that Plaintiffs failed to depose any corporate representative during discovery and should now be precluded from securing the testimony of a corporate representative at trial"); *Williams v. Asplundh Tree Expert Co.*, Case No. 3:05-cv-479, 2006 WL 2598758, at *2-3 (M.D. Fla. Sept. 11, 2006) (declining to quash a trial subpoena served on an unnamed corporate representative to testify on a specific issue in the case).

This outcome makes sense in light of the purposes and overlapping mechanisms of Rule 30 and Rule 45. Rule 30(b)(6) is exclusively concerned with securing discovery from a corporate party. Rule 45 may be used in conjunction with Rule 30(b)(6) to facilitate discovery by commanding a corporate witness's attendance at a deposition. FED. R. CIV. P. 45(c)(1). Neither Rule 30 nor Rule 45 require that an adverse party *must* use a corporate representative's deposition testimony at trial, nor is such testimony intended to supplant live testimony at trial. *See* FED. R. CIV. P. 32(a)(3) ("An adverse party *may use* for any purpose the deposition of a [corporate] party…") (emphasis added). Quite the opposite is true: "it is a well-established principle that live testimony is preferred at trial, and it is within the Court's discretion to require such live testimony."

*Howard v. Offshore Liftboats, LLC*, CV 13-4811, 2016 WL 232251, at \*2 (E.D. La. Jan. 19, 2016). In short, Rule 30(b)(6) simply permits a party to preserve testimony, but it does not limit the purpose of Rule 45 – securing the attendance of a witness to give live testimony at trial.

        3.      <u>The Comptroller must present a witness in compliance with Rule 45.</u>

Based on the foregoing, the most reasonable outcome is that a trial subpoena requires a corporate party, including a governmental entity, to designate a representative to testify at trial regardless of whether a 30(b)(6) deposition has been taken. FED. R. CIV. P. 45(c)(1) ("A subpoena may command a person to attend a trial…."); *Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (holding that state agencies are "persons" under Rule 45 and subject to a court's subpoena power). But since no Rule 30(b)(6) deposition has been taken, who the Comptroller decides to designate as his representative for purposes of giving live testimony is a matter left up to his discretion. *See Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 262 F.R.D. 293, 303 (S.D.N.Y. 2009) ("[w]hether the appropriate person is an officer of the corporation is within the discretion of the corporate party and not a requirement of the subpoena itself").

Likewise, because "Rule 45 does not include a requirement that the topics about which the witness may testify be described with reasonable particularity, as is required by Rule 30(b)(6)," it follows that Plaintiff's subpoena can only be enforced insofar as it relates to securing the attendance of the Comptroller's chosen representative (and Ms. Williams). *Equal Employment Opportunity Comm'n v. Bok Fin. Corp.*, CIV 11-1132 RB/LAM, 2014 WL 11829320, at \*1 (D.N.M. Feb. 4, 2014) (denying motion to quash subpoena issued to unspecified corporate representative). Since Rule 45 only authorizes compulsory attendance, whether the Comptroller decides to heed the topics and prepare a representative to testify is left to his discretion. Should the

Comptroller present a witness who is ill-prepared to testify, the consequences are governed by the Federal Rules of Evidence and the Court's discretion, not Rule 30(b)(6).

**C.      Defendant's confidentiality objections are premature and without merit.**

Finally, the Comptroller generally objects to the topics on grounds that they implicate confidential or privileged information. Although these objections might be better addressed during trial, they warrant some discussion in the present context as they appear to be asserted as reasons why *no* Comptroller-affiliated witness may be compelled to testify on certain matters. *See* FED. R. CIV. P. 45(d)(3)(iii) (a court must quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies").

1.      The scope of Texas Tax Code § 111.006 is not unlimited.

First, the Comptroller writes that he cannot "disclose information about other taxpayers because it is confidential under Tax Code section 111.006." (Dkt. No. 60, p. 9). Section 111.106 of the Tax Code does not provide the Comptroller with a means of blanketing otherwise admissible evidence properly elicited at trial under the guise of confidentiality.

This provision sets forth two categories of information that are confidential: federal tax returns and "all information secured, derived, or obtained by the comptroller … during the course of an examination of the taxpayer's books, records, papers, officers, or employees, including an examination of the business affairs, operations, source of income, profits, losses, or expenditures of the taxpayer." TEX. TAX CODE § 111.006(a)(1)-(2). The scope of confidentiality under this provision "turns on the identity of the source of the information." *A & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 676 (Tex. 1995). If the requested information is not sourced from the taxpayer and is otherwise public, "the Tax Code cannot preserve its confidentiality." *Id*.

Neither the identity of a business nor its status as a "sexually oriented business" under the $5 Fee Statute or the Amended Rule are sourced from confidential, taxpayer-provided information. As a matter of fact, the Comptroller classifies businesses and enforces the $5 Fee Statute against them based on a presumption "that a business is a sexually oriented business *if the business holds itself out as a sexually oriented business*." 34 TEX. ADMIN. CODE § 3.722(d) (emphasis added). The Amended Rule goes on to explain that "[e]vidence that the comptroller may consider includes signage, advertising, social media, publication of images, inspections, investigations, and the reputation of the business." *Id*. The Comptroller applies this presumption "[e]ven in the absence of first hand observation by comptroller personnel" so long as "the business holds itself out as a sexually oriented business."42 TEX. REG. 219.

Since the foundational sources of information relied upon to classify businesses as SOBs are not derived from taxpayer's books and records, it follows that information concerning the identities of businesses who have and have not been classified as SOBs cannot be considered confidential under Section 111.106. *See A & T Consultants*, 904 S.W.2d at 676.

2.       <u>The deliberative process privilege does not apply</u>.

The Comptroller also argues that "information sought in Plaintiff's subpoena is subject to the deliberative process privilege." The deliberative process privilege covers "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001), quoting *NLRB v. Sears, Roebuck & Co*., 421 U.S. 132, 150 (1975).

As shown in the topics, Plaintiff intends on eliciting testimonial evidence concerning the core equal protection issues set forth in the Court's summary judgment order. "Whether the

Comptroller … fails to enforce the $5 fee statute against businesses other than nude and latex clubs that similarly fall within the amended rule's definition of nudity" necessarily requires inquiry into the identity and nature of businesses who have and have not been assessed the $5 fee. Likewise, whether the Comptroller fails to enforce the fee "without any demonstrable justification" necessarily requires at least some inquiry into the Comptroller's mechanisms and criteria for enforcement.

Neither of these issues necessarily require disclosure of any pending audits or enforcement actions. *See, e.g.,* TEX. ATT'Y GEN ORD 624, 1994 WL 860790 (1994) (explaining that "[t]he list of taxpayers for whom an audit has been generated reflects a decision by the comptroller's office to audit those taxpayers, not the process of making a decision" and is not confidential under the Texas Open Records Act). All such testimony is of central relevance to Plaintiff's claim and only the Comptroller's witnesses possess such knowledge. These matters are not privileged for purposes of this case.

## IV.
### CONCLUSION

For the foregoing, reasons, Plaintiff asks the Court to deny the Comptroller's Motion to Quash in its entirety, or in the alternative, enter an order that modifies the subpoenas such that the Comptroller is required to comply with Plaintiff's subpoena by presenting a witness at trial with authority to testify on behalf of his office.

[signature block on next page]

Respectfully submitted,

FELDMAN & FELDMAN, P.C.

By: /s/ William X. King
     Casey T. Wallace
     State Bar No. 00795827
     Benjamin W. Allen
     State Bar No. 24069288
     William X. King
     State Bar No. 24072496
     3355 W. Alabama St., Suite 1220
     Houston, Texas 77098
     Telephone: (713) 986-9471
     Facsimile: (713) 986-9472
     casey.wallace@feldman.law
     ben.allen@feldman.law
     will.king@feldman.law
     **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document has been served on counsel of record in accordance with the Federal Rules of Civil Procedure by filing through the Court's ECF System on October 16, 2019.

Melissa L. Hargis
Michael Abrams
Assistant Attorney Generals
P.O. Box 12548, Capital Station
Austin, Texas 78711
Tel: (512) 463-2002
Fax: (512) 478-4013
Melissa.Hargis@oag.texas.gov
Michael.Abrams@oag.texas.gov
**ATTORNEYS FOR DEFENDANT**

_/s/ William X. King_
William X. King