

| | |
|---|---|
| **From:** | Will King |
| **Sent:** | Monday, October 14, 2019 3:37 PM |
| **To:** | Abrams, Michael; Hargis, Melissa; Casey Wallace; Ben Allen |
| **Cc:** | Valerie Baker; Marissa Reyna |
| **Subject:** | RE: TEA Trial |

Michael - We are opposed.

**From:** Abrams, Michael <Michael.Abrams@oag.texas.gov>
**Sent:** Monday, October 14, 2019 3:30 PM
**To:** Will King <will.king@feldman.law>; Hargis, Melissa <Melissa.Hargis@oag.texas.gov>; Casey Wallace <casey.wallace@feldman.law>; Ben Allen <ben.allen@feldman.law>
**Cc:** Valerie Baker <valerie.baker@feldman.law>; Marissa Reyna <Marissa.reyna@feldman.law>
**Subject:** RE: TEA Trial

Thank you, Will. This clarification is helpful, but we feel we still need to move ahead with quashing the notice to Glenn Hegar and seeking to modify the subpoena to Cindy Williams. Can you please confirm that Plaintiff is opposed?

Thanks,

Michael

**From:** Will King <will.king@feldman.law>
**Sent:** Monday, October 14, 2019 3:21 PM
**To:** Abrams, Michael <Michael.Abrams@oag.texas.gov>; Hargis, Melissa <Melissa.Hargis@oag.texas.gov>; Casey Wallace <casey.wallace@feldman.law>; Ben Allen <ben.allen@feldman.law>
**Cc:** Valerie Baker <valerie.baker@feldman.law>; Marissa Reyna <Marissa.reyna@feldman.law>
**Subject:** RE: TEA Trial

Michael – Here are our positions:

- We acknowledge that Rule 45 does not contain the topic designation or witness preparation requirements as with Rule 30(b)(6). However, we do take the position that we are entitled to examine a corporate representative at trial regarding the issues outlined in the Court's MSJ order. As such, we served the topics along with the subpoena as a courtesy so that you can prepare such a witness or witnesses with institutional knowledge if you so choose.
- The subpoenas are only being served to secure attendance and testimony at trial. We do not intend on requiring the production of documents.
- We intend on serving subpoenas on Ray Langenberg and Paul Zavala.

Hopefully that provides some clarity. If not, feel free to give me a call.

Attorney
William King
3355 W. Alabama St., Ste. 1220
Houston, TX 77098
p 713-986-9471 f 713-986-9472
www.feldman.law



**From:** Abrams, Michael <Michael.Abrams@oag.texas.gov>
**Sent:** Monday, October 14, 2019 2:43 PM
**To:** Hargis, Melissa <Melissa.Hargis@oag.texas.gov>; Will King <will.king@feldman.law>; Casey Wallace <casey.wallace@feldman.law>; Ben Allen <ben.allen@feldman.law>
**Cc:** Valerie Baker <valerie.baker@feldman.law>; Marissa Reyna <Marissa.reyna@feldman.law>
**Subject:** RE: TEA Trial

Will,

We will be filing a motion to quash the subpoena issued to Glenn Hegar, and a motion to modify the subpoena issued to Cindy Williams to eliminate the provisions purporting to require her to be prepared to testify as to the topics listed in the attachment. Can you please provide Plaintiff's position on the motion? Due to the proximity to trial, we will be filing this motion today. We will also be requesting expedited consideration.

In addition, so far we are aware of these two subpoenas. Federal Rule of Civil Procedure 45(a)(4) requires notice of the subpoenas the parties before serving the subpoenas on the witnesses, if the subpoenas command the production of documents, which both subpoenas appear to do. Are there any other subpoenas that have been issued other than the subpoenas to Glenn Hegar and Cindy Williams?

Michael

**From:** Hargis, Melissa <Melissa.Hargis@oag.texas.gov>
**Sent:** Friday, October 11, 2019 10:06 AM
**To:** Will King <will.king@feldman.law>; Casey Wallace <casey.wallace@feldman.law>; Ben Allen <ben.allen@feldman.law>; Abrams, Michael <Michael.Abrams@oag.texas.gov>
**Cc:** Valerie Baker <valerie.baker@feldman.law>; Marissa Reyna <Marissa.reyna@feldman.law>
**Subject:** RE: TEA Trial

We did. Please see attached.

Best,
Melissa

**From:** Will King <will.king@feldman.law>
**Sent:** Friday, October 11, 2019 9:58 AM
**To:** Hargis, Melissa <Melissa.Hargis@oag.texas.gov>; Casey Wallace <casey.wallace@feldman.law>; Ben Allen <ben.allen@feldman.law>; Abrams, Michael <Michael.Abrams@oag.texas.gov>
**Cc:** Valerie Baker <valerie.baker@feldman.law>; Marissa Reyna <Marissa.reyna@feldman.law>
**Subject:** RE: TEA Trial

Melissa - Speaking of Rule 26 disclosures, did the CPA ever serve any? It is entirely possible that I've overlooked it.

-WK

**From:** Hargis, Melissa <Melissa.Hargis@oag.texas.gov>
**Sent:** Friday, October 11, 2019 9:26 AM
**To:** Casey Wallace <casey.wallace@feldman.law>; Ben Allen <ben.allen@feldman.law>; Abrams, Michael <Michael.Abrams@oag.texas.gov>
**Cc:** Will King <will.king@feldman.law>; Valerie Baker <valerie.baker@feldman.law>; Marissa Reyna <Marissa.reyna@feldman.law>
**Subject:** RE: TEA Trial

Dear Casey and Ben,

Plaintiff never disclosed witnesses Eric Langan, Glenn Williams, and Colby Langan, to us at any stage in the proceeding—including, most notably, its initial disclosures required under Rule 26(a)—until yesterday. This violates multiple pre-trial obligations that Plaintiff had to promptly disclose information so that the Comptroller would not be unduly prejudiced on the eve of trial. First, Plaintiff had a duty to supplement its initial disclosures "in a timely manner if the party learn[ed] that in some material respect the disclosure or response [was] incomplete or incorrect, and if the additional or corrective information ha[d] not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e). Discovery closed in this case well over a year ago, and yet Plaintiff never amended its initial disclosures to include these witnesses. Under Rule 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The failure here is not substantially justified or harmless. We have all known about this trial for months, and Plaintiff could have attempted to amend its initial disclosures in the months leading up to trial. And the Comptroller cannot adequately defend for trial not knowing who these witnesses are or what their testimony will be. We would have taken their depositions had we known Plaintiff intended to call them. "The plain language of the rule requires the disclosing party to list the *names* of these individuals." *In re Sambrano*, 440 B.R. 702, 706 (W.D. Tex. 2010) (emphasis added). It was insufficient to vaguely list corporate representatives in your initial disclosures and expect for that language to cover Plaintiff's discovery obligations. Thus, if you list these witnesses in your pretrial filings on Monday, we will file a motion to exclude their testimony.

Second, we are unaware of any provision in the federal rules that would allow a party to compel another party to designate a corporate representative on selected topics at trial. Of course, the rules contemplate *depositions* of a corporate representative under Rule 30(b)(6), but Plaintiff never sought a Rule 30(b)(6) deposition in this matter, and cannot belatedly do so now in the guise of requiring us to provide a corporate representative on selected topics at trial. We also have inadequate time to prepare a witness on these topics; had Plaintiff timely requested a Rule 30(b)(6) deposition, this would not be an issue. Thus, we object to the notion that we must provide a corporate representative on the topics you list below, in much the same way we cannot compel TEA to put on a corporate representative on topics that we seek information on.

There are other problems with those categories of topics. During discovery, we informed you that the Comptroller could not disclose information about other taxpayers because it is confidential under Tax Code section 111.006. You never addressed this in a motion to compel or took any other action on the issue before the eve of trial. The Comptroller cannot accommodate Plaintiff's belated request regarding taxation of various businesses, again because this information is confidential by statute.

Additionally, Plaintiff clearly asserted in its response to the Comptroller's Motion to Dismiss that its lawsuit was not about the sexually oriented business fee statute, only Rule 3.722. The Comptroller relied on this in conducting discovery and drafting its pleadings. The Court noted this when denying TEA's Motion to Amend its petition to add a challenge to the statute itself. Yet, TEA seeks to have a representative of the Comptroller testify about topics that relate only to the statute, not the rule. These topics are irrelevant to the litigation at hand, which has been significantly narrowed for trial by the Court following summary judgment.

For all of these reasons, should you list these witnesses in your pretrial filings on Monday, we intend to file appropriate motions with the Court to exclude the testimony of Eric Langan, Glenn Williams, Colby Langan, and a "representative of the Comptroller prepared to testify regarding" the topics you have identified below.

Best,
Melissa

**From:** Casey Wallace <casey.wallace@feldman.law>
**Sent:** Thursday, October 10, 2019 2:36 PM
**To:** Ben Allen <ben.allen@feldman.law>; Hargis, Melissa <Melissa.Hargis@oag.texas.gov>; Abrams, Michael <Michael.Abrams@oag.texas.gov>
**Cc:** Will King <will.king@feldman.law>; Valerie Baker <valerie.baker@feldman.law>; Marissa Reyna <Marissa.reyna@feldman.law>
**Subject:** RE: TEA Trial

Melissa and Michael:

My error for leaving off a potential witness, and it's Colby Langan who may testify as well.

**From:** Ben Allen <ben.allen@feldman.law>
**Sent:** Thursday, October 10, 2019 2:35 PM
**To:** melissa.hargis@oag.texas.gov; michael.abrams@oag.texas.gov
**Cc:** Casey Wallace <casey.wallace@feldman.law>; Will King <will.king@feldman.law>; Valerie Baker <valerie.baker@feldman.law>; Marissa Reyna <Marissa.reyna@feldman.law>
**Subject:** TEA Trial

Melissa and Michael:

Following up on our call of this morning, we anticipate trial in this matter lasting two days.

Our witnesses will be:

Glenn Hegar*
Eric Langan
Steve Craft
Possibly Glenn Williams

*Or a representative of the Comptroller prepared to testify regarding the following topics:

(1)     The facts and circumstances surrounding when the Comptroller notified nightclubs, bars, restaurants, or similar commercial enterprises, that "nude" as it appears in the $5 Fee Statute would be interpreted to exclude latex coverings and/or non-cloth materials from the word "clothing."

(2)     The facts and circumstances surrounding the Comptroller's criteria for identifying nightclubs, bars, restaurants, or similar commercial enterprises subject to the $5 Fee Statute

(3)     The facts and circumstances surrounding the Comptroller's criteria for classifying nightclubs, bars, restaurants, or similar commercial enterprises as SOBs.

(4)     The facts and circumstances surrounding the Comptroller's enforcement or non-enforcement of the $5 Fee Statute against nightclubs, bars, restaurants, or similar commercial enterprises other than SOB Clubs and Latex Clubs.

(5)     Whether the Comptroller has ever classified any of the following businesses as SOBs or assessed these businesses fees under the $5 Fee Statute:

- Continental Main Ltd. d/b/a Continental Club Houston
    - 3700 Main St., Houston, TX 77002
    - TABC License # MB470565
- Silent Theatre, LLC d/b/a Prohibition Theatre
    - 1008 Prairie St., Houston, TX 77002
    - TABC License # MB892589
- Tight Ends Sports Bar & Grill, LLC d/b/a Tight Ends Sports Bar & Grill
    - 5584 HWY 121, Plano, TX 75024
    - TABC License # RM925284
- R&D Enterprises, LLC d/b/a Wild Pitch Sports Bar & Grill
    - 2390 Parkwood Blvd., Frisco, TX 75034
    - TABC License #RM652338
- Knockout Sports Bar, LLC d/b/a Knockout Sports Bar
    - 2212 W. Northwest Hwy., Dallas, Tx 75220
    - TABC License # MB1008566
- OL Beverage Holdings, LLC d/b/a Ojos Locos Sports Cantina
    - 10230 E. Technology Blvd., Dallas, TX 75220
    - TABC License # MB 1068350
- Aramark Sports and Entertainment Services of Texas, LLC
    - 8355 Kirby Drive, Houston, TX 77054
    - TABC License # BG520506
- Levy Premium Foodservice, LLC, d/b/a Levy Restaurants at Toyota Center
    - 1510 Polk Street, Houston, TX 77027
    - TABC License # MB5452236

Thanks, and please let me know if you have any questions.

-Ben


Partner
Benjamin W. Allen
ben.allen@feldman.law
p 281-861-1204  f 713-986-9472
3355 W. Alabama St., Suite 1220, Houston, TX 77098
www.feldman.law

This e-mail and any attachment are confidential to Feldman & Feldman and may be privileged or otherwise protected from disclosure. It is solely intended for the person(s) named above. If you are not the intended recipient, any reading, use, disclosure, copying or distribution of all or parts of this e-mail or associated attachments is strictly prohibited. If you are not an intended recipient, please notify the sender immediately by replying to this message or by telephone and delete this e-mail and any attachments permanently from your system. The sender totally disclaims, and will not accept, any responsibility or liability for the unauthorized use, or the consequences of any unauthorized use, of this communication or message.

This e-mail and any attachment are confidential to Feldman & Feldman and may be privileged or otherwise protected from disclosure. It is solely intended for the person(s) named above. If you are not the intended recipient, any reading, use, disclosure, copying or distribution of all or parts of this e-mail or associated

attachments is strictly prohibited. If you are not an intended recipient, please notify the sender immediately by replying to this message or by telephone and delete this e-mail and any attachments permanently from your system. The sender totally disclaims, and will not accept, any responsibility or liability for the unauthorized use, or the consequences of any unauthorized use, of this communication or message.

This e-mail and any attachment are confidential to Feldman & Feldman and may be privileged or otherwise protected from disclosure. It is solely intended for the person(s) named above. If you are not the intended recipient, any reading, use, disclosure, copying or distribution of all or parts of this e-mail or associated attachments is strictly prohibited. If you are not an intended recipient, please notify the sender immediately by replying to this message or by telephone and delete this e-mail and any attachments permanently from your system. The sender totally disclaims, and will not accept, any responsibility or liability for the unauthorized use, or the consequences of any unauthorized use, of this communication or message.