IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TEXAS ENTERTAINMENT ASSOCIATION, INC., | § § § | |
| Plaintiff, | § | |
| V. | § § | 1:17-CV-594-DAE |
| GLENN HEGAR, COMPTROLLER OF PUBLIC ACCOUNTS OF THE STATE OF TEXAS, | § § § § § | |
| Defendant. | § | |

## ORDER

Before the court are Defendant's Motion to Quash Trial Subpoena Issued to Glenn Hegar and Motion to Modify Trial Subpoena Issued to Cindy Williams (Dkt. #60) and Plaintiff's Response to Defendant's Motion to Quash (Dkt. #67).[1] After reviewing the motion, the response, and the relevant case law, the undersigned issues the following order.

### I. BACKGROUND

Plaintiff, Texas Entertainment Association ("Texas Entertainment"), brings this section 1983 action against Defendant, Glenn Hegar ("Comptroller"),[2] alleging that the "Comptroller's 'interpretive' rule defining the word 'clothing' as it appears in the Texas Business and Commerce Code violates the First and Fourteenth Amendments, as well as the Due Process Clause's prohibition against retroactive laws." Dkt. #67 at 2. With an upcoming trial date of October 22, 2019, Texas Entertainment issued two trial subpoenas on October 9, 2019: one to Comptroller and another to Cindy Williams, a former employee of Comptroller. Dkt. #67 at 2; Dkt. #60 at 1, 6. Attached to each subpoena is a list of topics describing areas of inquiry Texas Entertainment may

---

[1] The motion was referred to the undersigned for resolution by text order.
[2] The action is brought against Glenn Hegar in his official capacity as Texas Comptroller of Public Accounts.

examine each witness on.³ Dkt. #67 at 2. On October 14, 2019, Comptroller filed his Motion to Quash, seeking to quash the trial subpoena issued to Comptroller and modify the subpoena issued to Cindy Williams ("Williams"). Dkt. #60. Texas Entertainment filed its Response on October 16, 2019. Dkt. #67. In light of the looming trial date, the undersigned held a hearing on the above motion on October 17, 2019. Dkt. #64.

## II.  APPLICABLE LAW

Under Rule 45, a court may quash or modify a trial subpoena if it "fails to allow a reasonable time to comply" or "subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A)(i), (iv); *Tex. Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 554 (5th Cir. 2012). "The person seeking to quash or modify must meet 'the heavy burden of establishing that compliance with the subpoena would be unreasonable and oppressive.'" *British Int'l Ins. Co. v. Seguros La Republica, S.A.*, 200 F.R.D. 586, 590 (W.D. Tex. 2000) (quoting *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). In *United States v. Morgan*, "the Supreme Court [] indicated that the practice of calling high officials as witnesses should be discouraged." *In re F.D.I.C.*, 58 F.3d 1055, 1060 (5th Cir. 1995) (internal citations omitted); *see United States v. Morgan*, 313 U.S. 409 (1941). Under the *Morgan* doctrine "it is a settled rule in this circuit that . . . '[t]op executive department officials should not, absent *extraordinary circumstances*, be called to testify regarding their reasons for taking official actions.'" *In re F.D.I.C.*, 58 F.3d at 1060 (emphasis added) (quoting *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985)).

## III.  THE MOTION TO QUASH COMPTROLLER'S TRIAL SUBPOENA

Comptroller seeks to quash the trial subpoena issued against him, arguing the subpoena would represent an undue burden under the *Morgan* doctrine. Dkt. #60 at 2. Specifically,

---

³ As stipulated by the parties at the hearing, neither subpoena requests the production of documents. Dkt. #68.

Comptroller argues he is a high-ranking agency official falling under the *Morgan* doctrine and that Texas Entertainment has failed to make the strong showing necessary for a finding of "exceptional circumstances." *Id.* at 2-4. Comptroller further argues that the testimony sought is available through alternative witnesses, specifically former employees of the Comptroller. *Id.* at 5.

In its response and during the hearing, Texas Entertainment concedes that Comptroller is a high-ranking official protected by the *Morgan* doctrine and no exceptional circumstance is present. Dkt. #67 at 4; Dkt. #68. However, Texas Entertainment argues that instead of quashing the subpoena, the court should "enter an order modifying the subpoena such that [] Comptroller is required to produce a corporate representative with authority to testify on behalf of his office at trial." Dkt. #67 at 1. Relying on caselaw from outside this district, Texas Entertainment argues that upon receipt of a trial subpoena "Rule 45 may be used in conjunction with Rule 30(b)(6)" to require a governmental agency "to designate a representative to testify at trial regardless of whether a 30(b)(6) deposition has been taken." *Id.* at 6-7.

It appears to the undersigned that Texas Entertainment's request to modify the subpoena on the eve of trial is a belated attempt to search for a corporate representative. As conceded during the hearing, Texas Entertainment did not seek to identify a corporate representative at any point after suit was filed in June 2017.[4] Dkt. #1; Dkt. #68. By its own admission, Texas Entertainment served no discovery device seeking to identify a corporate representative, nor sought to depose any corporate representative under Rule 30(b)(6). *Id.*[5] While these pretrial decisions may have

---

[4] As stated in Texas Entertainment's Response, the undersigned notes that Comptroller identified "Ray Langenberg," Special Counsel for the Comptroller, as a Comptroller-affiliated individual. Dkt. #67 at 3. It appears from the briefing and hearing that Texas Entertainment did not follow up with Langenberg until October 16, 2019, when it served Langenberg a trial subpoena. Dkt. #68. This last-minute subpoena of the sole identified Comptroller-affiliate further confirms that Texas Entertainment has failed to timely seek a corporate representative and now seeks to belatedly do so on the eve of trial.

[5] The earliest instance of Texas Entertainment seeking a Comptroller "representative" is on October 10, 2019, where Texas Entertainment sent a witness list by email designating Comptroller "[o]r a representative of the

been made for a tactical purpose, Texas Entertainment missed its lengthy opportunity to search and identify a corporate representative, and the undersigned will not order Comptroller to designate a representative for the first time on the eve of trial. Adopting Texas Entertainment's modification of the subpoena proposed three business days before trial "fails to allow [Comptroller] reasonable time to comply" and would subject Comptroller "to undue burden." *See* FED. R. CIV. P. 45(d)(3)(A)(i), (iv). Accordingly, the undersigned will not adopt Texas Entertainment's request to modify its subpoena to Comptroller.

As described above, Texas Entertainment concedes the *Morgan* doctrine applies and the suit does not present an "exceptional circumstance." Therefore, the undersigned grants the Motion to Quash as it pertains to the subpoena of Comptroller.

### IV. THE MOTION TO MODIFY CINDY WILLIAMS'S TRIAL SUBPOENA

Comptroller urges the court to modify the subpoena issued to Cindy Williams "to the extent it purports to require her to be prepared to discuss selected topics at trial." Dkt. #60 at 2.[6] Comptroller argues that Texas Entertainment "is improperly attempting to use the subpoena to Cindy Williams as a discovery tool . . . [seeking] to belatedly take a corporate representative deposition of the Comptroller at the trial itself." *Id.* at 7. Comptroller argues he is "unaware of any provision in the Federal Rules of Civil Procedure that would allow a party to compel another party to designate a corporate representative on selected topics at trial." *Id.*[7] Comptroller further argues

---

Comptroller prepared to testify regarding the following topics." Dkt. #67-1 at 4. The undersigned notes that this email was sent only three business days before Texas Entertainment's Response.

[6] "Plaintiff has also subpoenaed Cindy Williams . . . a former employee of the comptroller, and has purported to require that she be prepared to discuss the following topics . . ." Dkt. #60 at 6. The "topics" described by Comptroller are attached to each subpoena and describe a topic that the subpoenaed witness may be asked about at trial, for example, "[t]he facts and circumstances surrounding the Comptroller's criteria for identifying nightclubs, bars, restaurants, or similar commercial enterprises as SOBs." Dkt. #61 at 6.

[7] Comptroller cites *MC Asset Recovery, LLC v. Castex Energy, Inc.* for the proposition that "Rule 45 does not expressly authorize a party to subpoena a 'corporate designee [to] testify 'vicariously' at trial' in the way that Rule 30(b)(6) does for a deposition." 2013 WL 12171724, at *1 (N.D. Tex. Jan. 7, 2013) (quoting *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006)).

he does not have time to prepare a witness, Williams, on these topics as they were never disclosed "until the eve of trial," *id.* at 8; he cannot prepare Williams on the topic of taxation of various businesses as this information is confidential and Williams is not a current employee who can receive confidential taxpayer information, *id.* at 9; and Texas Entertainment seeks to have Williams testify about topics outside the scope of trial. *Id.*

Texas Entertainment responds by arguing the taxpayer information is not confidential under Texas Tax Code § 111.006. Dkt. #67 at 9. Texas Entertainment further argues that caselaw supports the designation of a corporate representative witness under Federal Rules of Civil Procedure 30 and 45. *Id.* at 7-9.

Williams was appropriately identified, designated, and subpoenaed as a trial witness by Texas Entertainment. *See* Dkt. #47 (Pretrial Disclosure by Texas Entertainment). During the hearing, Texas Entertainment clarified that it only intends to question Williams as a fact witness concerning her personal knowledge. Dkt. #68. Texas Entertainment further clarified that the "topics" attached to each subpoena are only a courtesy list of issues counsel may ask each witness about during trial; they are not meant to be a list of issues Comptroller must prepare each witness on.[8] Dkt. #68. Accordingly, Texas Entertainment does not "purport[] to require [Williams] to be prepared to discuss selected topics at trial." *See* Dkt. #60 at 2. This clarification moots the majority of Comptroller's rationale for modifying the subpoena to Williams.

Concerning Comptroller's remaining claims on immunity and topics outside the scope of trial, the undersigned agrees with Texas Entertainment that "these objections [are] better addressed during trial." Dkt. #67 at 8. A determination on these issues will touch upon relevance and

---

[8] As stated above, Texas Entertainment also clarifies that it seeks no documents in either of the two subpoenas at issue.

admissibility, two factors better decided at trial. Accordingly, this pretrial proceeding is not the time for the undersigned to decide these trial issues.

V. **ORDER**

For the foregoing reasons, the court **GRANTS IN PART AND DENIES IN PART** Comptroller's Motion to Quash (Dkt. #60). As it relates to the subpoena of Comptroller Glenn Hegar, Comptroller's Motion to Quash is **GRANTED.** As it relates to the subpoena of Cindy Williams, Comptroller's Motion to Modify is **DENIED**.

SIGNED October 18, 2019.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE