IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TEXAS ENTERTAINMENT ASSOCIATION, INC., Plaintiff, | § § § § | |
| v. | § | Civil Action No. 1:17–cv–594–DAE |
| GLENN HEGAR, Comptroller of Public Accounts of the State of Texas, Defendant. | § § § § § § | |

**DEFENDANT'S CLOSING BRIEF**

On October 22 and 23, 2019, this Court heard evidence and argument at a bench trial on Plaintiff Texas Entertainment Association's (TEA) constitutional challenges to Amended Comptroller Rule 3.722(a)(1), the clothing definition. 34 Tex. Admin. Code § 3.722(a)(1). Defendant Glenn Hegar, Comptroller of Public Accounts of the State of Texas (Comptroller), submits this closing argument in support of denying TEA the relief it seeks.

**I.     The clothing definition does not violate equal protection.**

TEA asserts that "[t]he Comptroller's targeted enforcement and application of the Amended Rule against Non-SOB Businesses featuring latex entertainment, without enforcing the rule or assessing the $5 Fee against other businesses featuring 'nude' entertainment within the meaning of the $5 Fee Statute, constitutes a violation of equal protection." ECF No. 1, at 9. Yet, it

presented no evidence at trial to support its contention that its members are being treated differently than other types of businesses providing live nude entertainment. TEA's failure to support its claim with anything more than speculation and conjecture is fatal to its entitlement to relief on equal protection grounds.

The businesses at issue here do not touch upon a suspect class. And, TEA failed even to show that the businesses it alleged did not receive SOB fee assessments were similarly situated to its members. A music concert where the entertainer has no contact with the audience is not similarly situated to a gentleman's club where customers make contact with the entertainers, including through table and lap dances. The same applies to professional cheerleaders in a football or basketball arena, where minors are permitted unlike the establishments of TEA's gentleman's club members. Notably, these businesses do not necessarily meet all of the criteria of the SOB fee statute, further differentiating them from TEA gentleman's club members.

Furthermore, even assuming for argument purposes that the Comptroller did not assess particular businesses SOB fees, that could be due to a multitude of factors including the judicious application of limited enforcement resources of the Comptroller, or the prosecution of what the agency deemed to be the most flagrant violators of the law. *See U.S. v. Tibbetts*, 646 F.2d 193, 195 (5th Cir. 1981) ("valid interest in punishing violators who

flagrantly and vocally break the law"). TEA did not show any invidious discrimination by the Comptroller done in bad faith—nor was there any. *See*, *id*. ("he must then show that the government's discriminatory selection of him for prosecution has been invidious or done in bad faith"). The fact remains that there will always be some businesses that fail to remit their lawfully owed assessments despite the Comptroller's best efforts to enforce Texas law.

The Comptroller is charged by the Texas Legislature with assessing, collecting, and enforcing taxes. Tex. Gov't Code § 403.011. Such authority extends to the SOB fee. Tex. Bus. & Com. Code § 102.056. Amended Rule 3.722(a)(1) applies the SOB fee statute, Texas Business and Commerce Code section 102.052, which is aimed at the negative secondary effects of live nude entertainment performed in the presence of alcohol. *Combs v. Texas Entm't Assoc.*, 347 S.W.3d 277, 286–87 (Tex. 2011).

Amended Comptroller Rule 3.722(a)(1) was promulgated to include a definition of clothing, which is not defined by the SOB fee statute, "that conforms to the commonly understood meaning of the term…." Defendant's Exhibits 1, 2. The Comptroller further stated that the Amended Rule "will facilitate uniform enforcement of the Sexually Oriented Business Fee statute." *Id*. The amendment of Rule 3.722(a)(1) is rationally related to the legitimate government purposes of administering state law, protecting the state fisc, and

ameliorating the negative secondary effects of live nude entertainment in the presence of alcohol. *Texas Entm't Assoc.*, 347 S.W.3d at 286–87.

While TEA has not shown that strict scrutiny should apply here given the lack of disparate treatment of similarly situated businesses, the Amended Rule survives even such an analysis. Preventing sexual assault is a compelling government purpose and collected SOB fees are deposited into the sexual assault program fund. Tex. Bus. & Com. Code § 102.054. The revenue in the fund is used for human trafficking enforcement, preventing sexual assault, and improving services for sexual assault and human trafficking victims. Tex. Gov't Code § 420.008. Discouraging alcohol consumption in the presence of live nude entertainment is necessary to reduce the number of sexual assaults on workers in sexually oriented businesses.

Amended Rule 3.722(a)(1), the clothing definition, is generally applicable. There is no evidence that the Comptroller enforces the sexually oriented business fee or applies the clothing definition differently among similarly situated sexually oriented businesses. TEA has not met its burden of proof. This Court should deny TEA relief on its equal protection claim.

**II. Because the plain language of the SOB fee statute is clothing dependent, it provided fair notice and the Rule thus does not implicate due process retroactivity concerns.**

TEA urges the Court that its members are being subjected to retroactive application of the Amended Rule in violation of due process. It claims "[t]he

4

Amended Rule is an unconstitutional retroactive law that substantially impairs contractual relationships and does not serve a significant and legitimate government purpose reasonably related to the Amended Rule and violates the TEA and its members' rights to due process." ECF No. 1, at 5.

The SOB fee, Texas Business and Commerce Code section 102.052, became effective January 1, 2008. In relation to the SOB fee, the Texas Business and Commerce Code defines nude in the sexually oriented business fee statute as "entirely unclothed; or clothed in a manner that leaves uncovered or visible through less than fully opaque clothing any portion of the breasts below the top of the areola of the breasts, if the person is female, or any portion of the genitals or buttocks." Tex. Bus. & Com. Code § 102.051(1). It does not define "clothed" or "clothing" as those terms are used in relation to Sexually Oriented Businesses. *Id*.

Ray Langenberg testified that while he was working as taxpayer representative in 2015, he was informed by Karey Barton, Director of Tax Administration for the Comptroller, that paint-on latex would not comply with the state SOB fee statute. 1 RR 99–101. Cindy Williams, a former Comptroller auditor who changed employment in August 2016, testified that during her time with the Comptroller's office she took the position that latex was not clothing in assessing SOB fees. *Id*. at 114–15. Paul Zavala, who worked as an enforcement officer for the Comptroller dealing with the SOB fee in 2015,

5

testified that the latex at issue did not qualify as clothing under the SOB fee statute. *Id.* at 134–35, 140–41, 2 RR 7, 14–15, 28.

The October 28, 2016 Texas Register statement announcing the proposed amendment to Rule 3.722 and the January 20, 2017 Texas Register statement promulgating the rule both stated the addition of a definition of clothing was "to memorialize the comptroller's existing interpretation of what constitutes clothing…." Defendant's Exhibit 1, 2. Publication in the Texas Register constitutes sufficient notice of an amended administrative rule under Texas law. *See* Tex. Gov't Code §§ 2001.025, 2001.036, 2002.054.

The October 26, 2016 Texas Register statement also included that the definition "is a proper construction of the statute and articulates what has always been the law." Defendant's Exhibit 1. The plain meaning of "clothing" excludes latex body paint—a substance, not an item of dress that can be hung on a hanger or put in a drawer. It is the equivalent of saying that shaving cream is not a shirt—an unambiguous proposition of common understanding. Ordinarily, such concepts do not have to be restated for persons to recognize the common usage. But in this case, some businesses were confusing coverage-dependent local ordinances with the clothing-dependent SOB statute. So the Comptroller responded with a rule explicitly confirming that substances (like latex paint, foam, wax, or gels), are not clothing, even if those substances cover body parts. The covering/clothing distinction, however, flows from the statute

6

not the rule. The rule merely reflects that the statute means what it says, and that taxpayers should not conflate it with different language from other contexts.

The statute itself provided sufficient notice to business operators of what is or is not "nude" when it was passed in 2007. While some gentleman's club operators may have confused coverage-dependent local ordinances with the clothing-dependent SOB fee statute, that does not create a due process violation by the State. TEA has not met its burden of proof to show that its members' due process rights were violated by retroactive application of a new law.

### III.   Comptroller Rule 3.722(a)(1) is not overbroad.

TEA urges the Court to find Rule 3.722(a)(1) overbroad. ECF No. 1, at 8. It asserts that "because it purports to tax both nude and non-nude (in the colloquial sense) entertainment, the Amended Rule is impermissibly overbroad because it risks regulating the speech of others not before the court in a manner that is unconstitutional." *Id*. The Court should deny TEA the relief it seeks because it has not proven that Amended Rule 3.722(a)(1) is overbroad.

Amended Rule 3.722(a)(1), defining clothing, is narrowly tailored to serve compelling state interests. The State of Texas has a substantial interest in ameliorating the negative secondary effects of live nude entertainment performed where alcohol is consumed and in protecting the state fisc.

In *Baby Dolls Topless Saloons, Inc. v. City of Dallas, Tex.*, the Fifth Circuit held that a city zoning ordinance requiring female performers to wear bikini tops to avoid "sexually oriented business" zoning classification was not overbroad. 295 F.3d 471, 482–84 (5th Cir. 2002). "[W]here conduct and not merely speech is involved, ... the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Id*. at 482 (quoting *Broadrick v. Oklahoma*, 413 U.S. 601 (1973)).

Amended Rule 3.722(a)(1) does not even go as far as the ordinance at issue in *Baby Dolls* as it has no requirement of what a performer may or may not wear. And, TEA has not shown the clothing definition is actually overbroad or that any such overbreadth is substantial. *Id*. The Court should reject TEA's overbreadth claim and enter judgment in favor of the Comptroller on this issue.

## CONCLUSION

The Comptroller respectfully requests that TEA be denied the relief it seeks on its equal protection, due process, and overbreadth claims. The court should enter judgment in favor of the Comptroller and order that TEA take nothing on these claims.

    Respectfully submitted,

    KEN PAXTON
    Attorney General of Texas

    JEFFREY C. MATEER
    First Assistant Attorney General

|  |  |
|---|---|
|  | DARREN L. MCCARTY<br>Deputy Attorney General<br>for Civil Litigation |
|  |  |
|  | JACK HOHENGARTEN<br>Chief, Tax Division |
|  |  |
|  | s/ *Melissa L. Hargis |
| *Lead Counsel | MELISSA L. HARGIS*<br>Assistant Attorney General<br>State Bar No. 24055766<br>Melissa.Hargis@oag.texas.gov |
|  |  |
|  | MICHAEL ABRAMS<br>Assistant Attorney General<br>State Bar No. 24087072<br>Michael.Abrams@oag.texas.gov |
|  |  |
|  | P. O. Box 12548, Capitol Station<br>Austin, Texas 78711<br>(512) 463–2002<br>Facsimile No. (512) 478–4013 |
|  |  |
|  | ATTORNEYS FOR DEFENDANT |

## CERTIFICATE OF SERVICE

I do hereby certify that on December 2, 2019, I electronically filed the foregoing pleading with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" to the following attorneys of record, who consented in writing to accept this Notice as service of this document by electronic means:

Benjamin Allen
Wallace & Allen, LLP
440 Louisiana, Suite 1500
Houston, Texas 77002

Tel: (713) 227-1744
Fax: (713) 227-0104
Email: ballen@wallaceallen.com

Casey T. Wallace
Wallace & Allen, LLP
440 Louisiana, Suite 1500
Houston, Texas 77002
Tel: (713) 227-1744
Fax: (713) 227-0104
Email: cwallace@ wallaceallen.com

William X. King
Wallace & Allen, LLP
440 Louisiana, Suite 1500
Houston, Texas 77002
Tel: (713) 227-1744
Fax: (713) 227-0104
Email: wking@wallaceallen.com

                                       s/ Melissa L. Hargis
                                      MELISSA L. HARGIS
                                      Assistant Attorney General